## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **DAVONE JACKSON** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **REAL PAGE, INC d/b/a LEASING DESK** | ) | **COMPLAINT** |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

## PRELIMINARY STATEMENT

1.     This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended.*

## THE PARTIES

2.     Plaintiff Davone Jackson is an adult individual who resides in Murfreesboro, Tennessee.

3.     Defendant Real Page, Inc. d/b/a Leasing Desk (hereafter "Leasing Desk") is a consumer reporting agency which conducts business in the Middle District of Tennessee and has a primary office located at 2201 Lakeside Boulevard, Richardson, TX 75082.

## JURISDICTION AND VENUE

4.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

5.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

1

## FACTUAL ALLEGATIONS

6.      In or around October 2016, Plaintiff was attempting to secure housing at an apartment complex in Tennessee.

7.      As part of the application to lease the apartment, the apartment complex obtained a consumer report from Defendant.

8.      Defendant's report contained derogatory and inaccurate information about Plaintiff.

9.      The inaccurate information includes, but is not limited to multiple felony convictions, and lengthy prison sentences (hereafter "inaccurate information").

10.     The serious felony convictions listed on Plaintiff's report are in no way related to Plaintiff and appear to be related to individuals with different names who were incarcerated at the time that the report was created.

11.     Defendant has sold reports containing the inaccurate information to third parties since at least October 2016.

12.     Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that they have disseminated and resold to various persons, both known and unknown.

13.     Following receipt of the inaccurate report from Defendant, Plaintiff disputed the accuracy of the report with Defendant in writing from October 2016 through to the present.

14.     In support of that dispute, Plaintiff provided documentation and information to prove that the felony convictions listed in the report were not his, but instead related to other individuals.

2

15. Plaintiff submitted this dispute to Defendant by mail, through an online submission, and in accordance with Defendant's established procedures for disputing consumer background information.

16. Notwithstanding Plaintiff's efforts, Defendant initially failed to respond in any fashion and failed to correct the inaccurate information.

17. When Defendant finally did respond four (4) months later, it indicated that it intended to continue to publish the inaccurate information, and continue to disseminate that inaccurate information to other third parties, persons, and entities.

18. As a result of the inaccurate report Defendant sold to the apartment complex in October 2016, Plaintiff was denied housing.

19. The basis for that denial was the inaccurate information that appears on Plaintiff's consumer report prepared by the Defendant, which was a substantial factor for the denial.

20. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost rental opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

21. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

22. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

3

# COUNT I

## VIOLATIONS OF THE FCRA

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

25. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

26. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

27. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §1681e and 1681i.

28. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

## JURY TRIAL DEMAND

29. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

and

(e) Such other and further relief as may be necessary, just and proper.


Respectfully Submitted,


s/Zachary D. Oswald
Zachary D. Oswald
**Legal Aid Society of Middle TN &**
**the Cumberlands**
300 Deaderick Street
Nashville, TN 37201
P: (615) 780-7104
F: (615) 244-4920
zoswald@las.org
BPR # 32292

*Counsel for Plaintiff*


Dated: January 4, 2018