IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVONE JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>REALPAGE, INC. d/b/a LEASING DESK,<br><br>    Defendant. | Case No. 3:18-cv-00012<br><br>District Judge William L. Campbell, Jr.<br>Magistrate Judge Barbara D. Holmes |

**DEFENDANT REALPAGE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant RealPage, Inc. ("RealPage"), through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, answers the Complaint of Plaintiff Davone Jackson ("Plaintiff"). RealPage denies all allegations in the Complaint that RealPage does not expressly admit in this Answer.

RealPage responds to the specific allegations in the enumerated paragraphs in the Complaint as follows:

**Preliminary Statement**

1. RealPage admits that this action purports to relate to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). RealPage denies the remaining allegations of paragraph 1 of the Complaint.

**Parties**

2. RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, denies the same.

3. RealPage admits that it has an office located at 2201 Lakeside Boulevard, Richardson, Texas 75082. RealPage further admits that it conducts business in Tennessee. The

remaining allegations in paragraph 3 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 3 are contrary to law, they are denied.

## Jurisdiction and Venue

4. The allegations in paragraph 4 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 4 are contrary to law, they are denied.

5. The allegations in paragraph 5 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 5 are contrary to law, they are denied.

## Factual Allegations

6. RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies the same.

7. RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies the same.

8. The allegations in paragraph 8 refer to a document. RealPage denies the allegations in paragraph 8 to the extent those allegations are inconsistent with that document. RealPage denies the remaining allegations contained in paragraph 8 of the Complaint for lack of information sufficient to form a belief as to the truth of the matter asserted.

9. The allegations in paragraph 9 refer to a document. RealPage denies the allegations in paragraph 9 to the extent those allegations are inconsistent with that document. RealPage denies the remaining allegations contained in paragraph 9 of the Complaint for lack of information sufficient to form a belief as to the truth of the matter asserted.

10. The allegations in paragraph 10 refer to a document. RealPage denies the allegations in paragraph 10 to the extent those allegations are inconsistent with that document. RealPage denies the remaining allegations contained in paragraph 10 of the Complaint for lack of information sufficient to form a belief as to the truth of the matter asserted.

11. RealPage denies the allegations in paragraph 11 of the Complaint.

12. RealPage denies the allegations in paragraph 12 of the Complaint.

13. The allegations in paragraph 13 refer to a document. RealPage denies the allegations in paragraph 13 to the extent those allegations are inconsistent with that document. RealPage denies the remaining allegations in paragraph 13 of the Complaint.

14. The allegations in paragraph 14 refer to a document. RealPage denies the allegations in paragraph 14 to the extent those allegations are inconsistent with that document. RealPage denies the remaining allegations contained in paragraph 14 of the Complaint for lack of information sufficient to form a belief as to the truth of the matter asserted.

15. The allegations in paragraph 15 refer to a document. RealPage denies the allegations in paragraph 15 to the extent those allegations are inconsistent with that document. RealPage denies the remaining allegations in paragraph 15 of the Complaint.

16. RealPage denies the allegations in paragraph 16 of the Complaint.

17. RealPage denies the allegations in paragraph 17 of the Complaint.

18. RealPage denies the allegations in paragraph 18 of the Complaint.

19. RealPage denies the allegations in paragraph 19 of the Complaint.

20. RealPage denies the allegations in paragraph 20 of the Complaint.

21. RealPage denies the allegations in paragraph 21 of the Complaint.

22. RealPage denies the allegations in paragraph 22 of the Complaint.

34070859v2

## Count I

23.  RealPage repeats its responses to the allegations contained in the foregoing paragraphs as though fully set forth herein.

24.  The allegations in paragraph 24 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 24 are contrary to law, they are denied.

25.  The allegations in paragraph 25 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 25 are contrary to law, they are denied.

26.  The allegations in paragraph 26 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 26 are contrary to law, they are denied.

27.  RealPage denies the allegations in paragraph 27 of the Complaint.

28.  RealPage denies the allegations in paragraph 28 of the Complaint.

## Jury Trial Demand

29.  RealPage acknowledges that Plaintiff demands a trial by jury. RealPage denies the remaining allegations in paragraph 29 of the Complaint.

RealPage denies the allegations contained in the unnumbered paragraph beginning with "WHEREFORE" following paragraph 29.

## ADDITIONAL DEFENSES

Without admitting any of the allegations in the Complaint, and without admitting or acknowledging that RealPage bears the burden of proof as to any of them, RealPage asserts the following defenses. RealPage intends to rely on any additional defenses that may become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such defenses.

## FIRST ADDITIONAL DEFENSE

The Complaint fails to the extent it does not set forth facts sufficient to state a claim upon which relief may be granted against RealPage, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief from RealPage.

## SECOND ADDITIONAL DEFENSE

Plaintiff's claim fails to the extent that it is barred because all information RealPage communicated to any third person regarding Plaintiff was accurate.

## THIRD ADDITIONAL DEFENSE

The Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to avail himself of the rights he claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Plaintiff's alleged damages, if any, are speculative or uncertain and therefore not compensable.

## FOURTH ADDITIONAL DEFENSE

Plaintiff's claim fails to the extent that, at all relevant times with respect to Plaintiff, RealPage acted in good faith and complied fully with the FCRA.

**FIFTH ADDITIONAL DEFENSE**

Plaintiff's claim fails to the extent that Plaintiff's purported damages, which RealPage continues to deny, were the result of acts or omissions of third persons over whom RealPage had neither control nor responsibility, or were the result of Plaintiff's own prior conduct.

**SIXTH ADDITIONAL DEFENSE**

The Complaint is barred, in whole or in part, to the extent that Plaintiff lacks statutory or Constitutional standing due to a lack of a concrete and particularized injury-in-fact.

**SEVENTH ADDITIONAL DEFENSE**

Plaintiff's claim for punitive damages fails to the extent that the Complaint states no facts in support of a claim for punitive damages.

**EIGHTH ADDITIONAL DEFENSE**

Plaintiff's claim is barred, in whole or in part, to the extent that Plaintiff failed to protect himself from damages, if any, or failed to mitigate his alleged damages.

**NINTH ADDITIONAL DEFENSE**

Plaintiff cannot recover against RealPage to the extent that some or all of his claims for relief in the Complaint are barred by applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p or by the doctrine of laches.

**TENTH ADDITIONAL DEFENSE**

Any recovery Plaintiff receives is subject to a set off if any damages are awarded against RealPage, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages. RealPage is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

## ELEVENTH ADDITIONAL DEFENSE

Any damages allegedly suffered by Plaintiff was not caused by RealPage, but by intervening causes.

## TWELFTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are speculative or uncertain and, therefore, are not compensable.

## THIRTEENTH ADDITIONAL DEFENSE

RealPage reserves the right to assert additional defenses as they become known.

## PRAYER FOR RELIEF

WHEREFORE, RealPage requests this Court to enter a judgment:

1. denying Plaintiff any and all relief in this case;

2. dismissing Plaintiff's claims in their entirety;

3. dismissing this case with prejudice;

4. awarding RealPage its costs and attorneys' fees incurred in this case; and

5. granting RealPage all other relief that the Court deems just and proper.

Respectfully submitted this 8th day of March 2018.

/s/ *Ronald I. Raether*
Ronald I. Raether, Jr. (*pro hac vice*)
Bar Number: CA 303118
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, California 92614
Telephone: (949) 622-2722
Facsimile: (949) 622-2739
ronald.raether@troutmansanders.com

Zachary D. Miller (BPR #032674)
Samuel A. Morris (BPR #034878)
BURR & FORMAN LLP
222 Second Avenue South., Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
zmiller@burr.com
smorris@burr.com

*Attorneys for Defendant, RealPage, Inc. d/b/a Leasing Desk*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail on this the 8th day of March 2018:

Geoffrey H. Baskerville, Esq.  
Francis & Mailman  
Land Title Building, 19th Floor  
100 South Broad Street  
Philadelphia, PA 19110  
Email: gbaskerville@consumerlawfirm.com

Zachary D. Oswald, Esq.  
Legal Aid Society of Middle Tennessee  
300 Deaderick Street  
Nashville, TN 37201  
Email: zoswald@las.org

*/s/ Ronald I. Raether*  
Ronald I. Raether

*Attorney for Defendant, RealPage, Inc. d/b/a Leasing Desk*