IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVONE JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>REALPAGE, INC. d/b/a LEASING DESK,<br><br>    Defendant. | Case No. 3:18-cv-00012<br><br>District Judge William L. Campbell, Jr. |

### PLAINTIFF DAVONE JACKSON'S STATEMENT OF UNDISPUTED FACTS

1. In June 2015 Plaintiff applied for an apartment at Midtown Estates in Murfreesboro, Tennessee. (Exhibit A Minks Dep at 10:22-11:6).

   **Response:**

2. Midtown Estates is a multifamily Section 8 housing complex. (Exhibit A Minks Dep. at 6:24-7:18).

   **Response:**

3. The property at Midtown Estates was particularly appealing to Mr. Jackson because the rent was calculated as a percentage of his income and, therefore, was significantly less than the prevailing rents in Murfreesboro. (Exhibit A Minks Dep. at 6:24-7:18).

   **Response:**

4. The property manager for Midtown Estates told Mr. Jackson that he would be put on the waiting list for an apartment. (Exhibit A Minks Dep at 11:15-18).

   **Response:**

5. Periodically, Mr. Jackson would check with Midtown Estates to see where he was on the waiting list. (Exhibit A Minks Dep at 11:19-12:4).

   **Response:**

6. In March of 2016 Plaintiff became eligible to rent an apartment at Midtown Estates. (Exhibit A Minks Dep at 14:2-5).

   **Response:**

7. Plaintiff provided his first name, middle name, last name, full date of birth and social security number on his application he filled out for Midtown Estates. (Jackson 063-070).

   **Response:**

8. In March 2016, Plaintiff went to the offices of Midtown Estates and met with the property manager, Carol Minks. (Exhibit A Minks Dep at 14:6-11).

   **Response:**

9. Ms. Minks told Plaintiff that he could not rent the apartment he desired because of the criminal history reporting on a background report prepared by Defendant RealPage. (Exhibit A Minks Dep at 17:22-19:1)

   **Response:**

10. The RealPage report showed a conviction from Wisconsin for second degree sexual assault of a child and two felony convictions from Kentucky for trafficking a controlled substance – heroin. (Exhibit C REALPAGE 000006-10)

    **Response:**

11. Neither the Wisconsin record not the felony convictions from Kentucky belong to Plaintiff. (Exhibit E REALPAGE 0000105-106).

    **Response:**

12. According to the rental guidelines for Midtown Estates Plaintiff could not rent the apartment because of these inaccurate records. (Exhibit A Minks Dep. at 17:22-19:1) (Exhibit B Jackson 179-209 at 193).

    **Response:**

13. Plaintiff told the property manager that the records did not belong to him, but she was required to abide by the property guidelines. (Exhibit A Minks Dep. at 19:2-10; 26:12-27:9).

    **Response:**

14. Because he could not move into the apartment, Plaintiff and his daughter were forced to live in a local motel. (Exhibit B Jackson Dep.10:8-10).

    **Response:**

15. The motel room only had a king-size bed and only had a microwave to cook. (Exhibit B Jackson
    Dep. at 19:6-11).

    **Response:**

16. The criminal records from Kentucky belong to an individual identified as James Jackson. (Exhibit C REAL PAGE 000006-000010)

    **Response:**

17. The James Jackson associated with the Kentucky criminal records was sentenced to 10 years in prison for one offense and five years in prison for the second offense.
    (Exhibit C REALPAGE 000006-10) (Exhibit F Ramesh Dep. at 47:12-17; 48:2-8).

    **Response:**

18. The criminal record from Wisconsin belongs to an individual identified as Eric D. Jackson who used the alias James Jackson. (Exhibit C Real Page 000006-000010)

    **Response:**

19. ████████████████████████████████████████████████████████████
    ████████████████████████████████████████████████████████████
    ███████████████████████████. (Exhibit F Ramesh Dep. at 40:6-41:13)

    **Response:**

20. RealPage received the information about these records as bulk data from a vendor, Genuine Data Services. (Exhibit F Ramesh Dep. at p 56:10-22)

    **Response:**

21. RealPage does not know how the vendor acquired the records or whether the vendor went to the court houses to get the information. (Exhibit F Ramesh Dep. 52:12-53:3)
    **Response:**

22. RealPage also does not perform any check on the vendor to assess the accuracy of the records supplied by the vendor. (Exhibit F Ramesh Dep. at p. 53:4-13)

    **Response:**

23. ███████████████████████████████████████████████████████████
   ███████████ (Exhibit F. Ramesh Dep. at 43:8-11)

   **Response:**

24. RealPage refers to instances where information relating to one person is reported on another person's consumer report as a nonmatch. (Exhibit G Bonner Dep. at 34:7-19)

   **Response:**

25. ████████████████ ███ ██████████████ (Exhibit G Bonner Dep. at 39:5-7)

   **Response:**

26. ████████████████ ███ █████████████. (Exhibit G Bonner Dep. 39:2-4)

   **Response:**

27. ████████████████ ███ █████████████ (Exhibit G Bonner Dep. at 38:24-39:1)

   **Response:**

28. Plaintiff disputed the Kentucky and Wisconsin records with RealPage by e-mail and regular mail in October 2017. (Exhibit H REALPAGE 000012-39)

   **Response:**

29. Plaintiff never received any results from his dispute from RealPage. (Exhibit B Jackson 91:11-16, 101:19-103:11)

   **Response:**

30. Plaintiff could not have leased an apartment at Midtown Estates while the felony sex offender and heroin convictions were on his background report. (Exhibit A Minks Dep. at 27:3-9).

   **Response:**

31. Plaintiff leased an apartment at Midtown Estates in February 2017. (Exhibit A Minks Dep. at 25:3-11).

   **Response:**


32. In February 2017, Plaintiff requested a file disclosure from RealPage. (Exhibit F Ramesh Dep. at 62:16-19).

   **Response:**

33. RealPage Uses the same policies and procedures to generate a file disclosure as it does when it creates a screening report. (Exhibit F Ramesh Dep. at 65:1-19, 67:5-8).

   **Response:**

34. When he received the file disclosure, the two felony convictions for trafficking heroin from Kentucky were still on his file. (Exhibit F RealPage 000050-56).

   **Response:**

35. Mr. Jackson's February 2017 file disclosure was prepared in accordance with RealPage's policies and procedures. (Exhibit F Ramesh Dep. at 73:9-12).

   **Response:**

        Respectfully submitted,

        **FRANCIS & MAILMAN, P.C.**

        */s/ Geoffrey H. Baskerville*
        Geoffrey H. Baskerville
        (admitted *pro hac vice*)
        1600 Market Street, 25th Floor
        Philadelphia, PA 19103
        215-735-8600
        gbaskerville@consumerlawfirm.com


        Zachary Oswald
        **Legal Aid Society of Middle Tennessee**
        **& The Cumberlands:**
        106 Public Square, Suite 109
        Gallatin, TN 37066
        (404) 373-1970
DATED: February 15, 2019    (404) 601-1855 fax